IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SANDRA-KAY: RICE,

    Plaintiff,

vs.                                        Civ. No. 99-1430 WWD/LFG

HONORABLE JUDITH NAKAMURA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant's Motion for Summary Judgment based on the doctrine of Judicial Immunity [Docket # 5]. The undisputed facts indicate that Defendant, a judge in the Metropolitan Court in Albuquerque, after being informed that Plaintiff failed to answer a traffic citation, issued a bench warrant for Plaintiff's arrest, and pursuant to that warrant Plaintiff was arrested. Plaintiff claims that her rights were violated "by the relinquishment of the duty by the failure of the checking for the giving of the notice of the hearing, the Honorable Nakamura is of the absence of 'the in personam jurisdiction' over the Sandra-Kay: Rice." Plaintiff further alleges that "by the absence of the 'in personam jurisdiction' over the Sandra-Kay: Rice, The Honorable Judge Nakamura is of the no-authority for the issuance of an order/judgment/decree/warrant upon the Sandra-Kay: Rice." In her "Petition to Deny Summary Judgment," which was filed in response to the instant motion, Plaintiff claims that she did not receive the "summons" upon which the issuance of warrant was based. No mention is made of the traffic citation , Exhibit #2 to Defendant's Memorandum in Support of Motion for Summary Judgment. The Plaintiff's "Petition" has a number of other assertions such as "[a] material fact to be determined in this case is whether a sovereign Citizen is subject to the jurisdiction of any court

in the fictitious entity of the STATE OF NEW MEXICO." which are patently frivolous and need not be addressed individually. The Petition is signed by Plaintiff and by Cecil-Howard: Dawson, as "Counsel of Choice." Mr. Dawson, who also files his affidavit in support of the Plaintiff's Petition, apparently is not an attorney licenced to practice in this Court or in the Court of the State of New Mexico. Because of the deposition of this matter infra, I will not address the matter of Mr. Dawson's attempted representation of Plaintiff.

DISCUSSION.

Defendant is a Judge in the Metropolitan Court. Judges are immune from suit for civil liability for actions taken in their judicial capacity. Mireles v. Waco, 502 U.S. 9, 11 (1991). At 502 U.S. 11-12, the Court in Mireles states:

> Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial. Pierson v. Ray, 386 U.S., at 554, 87 S.Ct., at 1218 ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly"). See also Harlow v. Fitzgerald, 457 U.S. 800, 815-819, 102 S.Ct. 2727, 2736-2739, 73 L.Ed.2d 396 (1982) (allegations of malice are insufficient to overcome qualified immunity).
> Rather, our cases make clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Forrester v. White, 484 U.S., at 227-229, 108 S.Ct., at 544- 545; Stump v. Sparkman, 435 U.S., at 360, 98 S.Ct., at 1106. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. Id., at 356-357, 98 S.Ct., at 1104-1105....

The signing of a bench warrant presented to the judge by the clerk of the court with an appropriate supporting affidavit, is an act within the subject matter jurisdiction of such a judge and it is an act taken in that judge's judicial capacity. Plaintiff has not presented any facts supporting her allegation that Judge Nakamura acted in the complete absence of all jurisdiction.

2

Plaintiff's claim for damages against Defendant Nakamura and the Complaint herein are dismissed with prejudice.  A Judgment reflecting this disposition will be entered concurrently.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE