IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SANDRA KAY RICE,

        Plaintiff,

vs                                              Civ. No. 99-1430 WWD/LFG

HONORABLE JUDITH NAKAMURA,

        Defendant

## **MEMORANDUM OPINION AND ORDER**

        This matter comes before the Court upon Defendant's Motion and Application for Award of Attorney Fees (Docket #23) filed March 29, 2000. In this case under 42 U.S.C.§1983, a summary judgment was entered against Plaintiff.

BACKGROUND AND CONCLUSION.

        Plaintiff received a traffic citation and was directed to appear before Judge Judith Nakamura at the Metropolitan Court in Albuquerque. When Plaintiff failed to appear, Judge Nakamura issued a bench warrant for Plaintiff's arrest on March 10, 1999. The file of the metropolitan court contained a copy of a notice to appear before Judge Nakamura. In the regular course of business, a copy of the notice would have been sent to Plaintiff; however, Plaintiff claims that she did not receive the notice of the hearing before Judge Nakamura. Plaintiff alleges that on two occasions prior to November 30, 1999, her name and driver's license were "checked" by Albuquerque police officers and no warrant for her was found. On November 30, 1999, while she was at a deposition, Plaintiff was arrested by an Albuquerque police officer on the bench warrant and taken to jail. She was ordered to appear before Judge Nakamura on December 14, 1999. Plaintiff was given a copy of the court file which she alleges contained the "original yellow

-1-

defendant's copy" of the Notice of Hearing for the February 17, 1999 hearing which Plaintiff had missed, giving rise to the issuance of the bench warrant.

On December 10, 1999, Plaintiff filed a complaint in this court under 42 U.S.C.§1983 against Judge Nakamura alleging that Judge Nakamura lacked jurisdiction to issue the bench warrant in question and that by issuing the bench warrant, Judge Nakamura deprived Plaintiff of due process since Plaintiff did not receive notice of the hearing scheduled for February 17, 1999. Plaintiff sought damages of $150,000.00 in her complaint.

Defendant filed a motion for summary judgment based on judicial immunity and the motion was granted. Defendant now seeks attorney fees from plaintiff for filing a complaint which I have characterized as "patently frivolous" in granting summary judgment. Given that the compliant was against a sitting judge for performing an act which is a part of her job as a judge, there would seem to be no question as to the application of the doctrine of judicial immunity. Notwithstanding the fact that the complaint in these circumstances is frivolous insofar as any expectation of relief is concerned, I do not see this as a proper instance for awarding attorney fees to Defendant. Plaintiff would be well advised to consider the possible consequences of filing meritless lawsuits in this court. Additionally, having someone sign her pleadings who is not admitted to practice can also have serious downside consequences. Too much time and effort has been spent on a situation which should have been dealt with without filing the complaint in this law suit.

.**WHEREFORE**,

**IT IS ORDERED** that Defendant's Motion and Application for Award of Attorney Fees (Docket #23) be, and it hereby is, **DENIED.**

                                                                          _____
                                                                          UNITED STATES MAGISTRATE JUDGE